## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANTHONY SCRICCA, ADMINISTRATOR OF THE ESTATE OF ANGELISE RODRIGUEZ; COLEEN RODRIGUEZ & ANGEL MIGUEL RODRIGUEZ | : : : : : | |
| Plaintiffs | : : | |
| vs. | : : | Civil Action No.: |
| THE BOPPY COMPANY, LLC; ARTSANA U.S.A., INC. D/B/A CHICCO; & TARGET CORPORATION D/B/A TARGET STORE, INC. | : : : : : | |
| Defendants | : : | NOVEMBER 23, 2022 |

## <u>NOTICE OF REMOVAL</u>

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendant, **Target Corporation d/b/a Target Stores, Inc.,** hereby gives notice of the removal of the above-captioned action from the Superior Court of Connecticut, J.D. of New Haven at New Haven, which is the judicial district in which said action is pending, to this Court. The grounds for removal are as follows:

1.     On or about November 7, 2022, the plaintiffs, Anthony Scricca, Administrator of the Estate of Angelise Rodriguez, Coleen Rodriguez, and Angel Miguel Rodriguez, commenced a civil action against The Boppy Company, LLC, Artsana U.S.A., Inc. d/b/a Chicco, and Target Corporation d/b/a Target Stores, Inc. in the Superior Court of Connecticut, J.D. of New Haven at New Haven, titled <u>Anthony Scricca, Administrator of the Estate of Angelise Rodriguez, Coleen Rodriguez & Angel Miguel Rodriguez v. The</u>

Boppy Company, LLC, Artsana U.S.A., Inc., d/b/a Chicco, and Target Corporation d/b/a Target Store, Inc. (the "New Haven Action"), Docket Number NNH-CV22-6128082-S.

2.      The plaintiffs' Complaint alleges that as a result of the defendants' violation of the Connecticut Product Liability Act, violation of the Connecticut Unfair Trade Practices Act, and recklessness, plaintiff Angelise Rodriguez was caused to suffer cardiac arrest, respiratory failure, severe lactic acidosis, hyperkalemia, hypoxic ischemic injury likely from suffocation, injury of head and neck with skull fracture, and death. The plaintiffs' Complaint further alleges that as a result of the defendants' violation of the Connecticut Product Liability Act, violation of the Connecticut Unfair Trade Practices Act, and recklessness, plaintiffs Coleen Rodriguez and Angel Miguel Rodriguez have lost the consortium, society, care and companionship of their daughter Angelise Rodriguez, and will continue to suffer such a loss in the future. The Complaint states that the plaintiffs incurred substantial sums of money for Angelise Rodriguez's medical care necessitated by the injuries incurred. It further alleges that the plaintiffs were required to spend substantial sums of money for Angelise Rodriguez's funeral expenses. Finally, it alleges that Angelise Rodriguez has experienced pain and suffering, loss of enjoyment of life's leisure activities, and loss of earning capacity. The demand for relief claims monetary damages in excess of $15,000.

3.      This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441 and 1332 because complete diversity exists between the plaintiffs and the defendants and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

4.     There is complete diversity of citizenship between the plaintiffs and the defendants. Plaintiff Angelise Rodriguez was an individual who resided in New Haven, Connecticut and who was a citizen of the State of Connecticut.

5.     Plaintiff Coleen Rodriguez is an individual who resides in New Haven, Connecticut and who is a citizen of the State of Connecticut.

6.     Plaintiff Angel Miguel Rodriguez is an individual who resides in New Haven, Connecticut and who is a citizen of the State of Connecticut.

7.     Upon information and belief, defendant The Boppy Company, LLC, is a single member Colorado limited liability company that maintains its principal place of business in Golden, Colorado. The sole member of The Boppy Company, LLC is Artsana, S.p.A. Artsana, S.p.A is an Italian corporation with its principal place of business in Grandate, Como, Italy.

8.     Defendant Artsana U.S.A. Inc., d/b/a Chicco is a New Jersey corporation that maintains its principal place of business in Lancaster, Pennsylvania.

9.     Defendant Target Corporation d/b/a Target Stores, Inc., is a Minnesota corporation that maintains its principal place of business in Minneapolis, Minnesota.

10.    Upon information and belief, the amount in controversy of the New Haven action exceeds the sum or value of $75,000, exclusive of interest and costs. The amount in controversy appears to exceed such sum or value based on the extensive list of injuries alleged in the Complaint. The plaintiff also claims non-economic damages in the form of pain and suffering and loss of enjoyment of life's leisure activities and loss of earning capacity. Finally, the plaintiff claims double damages for the defendants' alleged

recklessness and punitive damages for the defendants' alleged violation of the Connecticut Unfair Trade Practices Act.

11.     Pursuant to 28 U.S.C. § 1446(b)(1), this Notice of Removal is being timely filed within 30 days of the defendant Target Corporation d/b/a Target Stores, Inc.'s receipt of the initial state court pleading. Target Corporation d/b/a Target Stores, Inc. was served with process on November 8, 2022. Accordingly, the time for filing this Notice under the provisions of 28 U.S.C. § 1446 has not expired.

12.     Defendants The Boppy Company, LLC and Artsana U.S.A., Inc. d/b/a Chicco have no counsel on record, as no counsel has filed an appearance on behalf of these defendants. Additionally, counsel for The Boppy Company, LLC and Artsana U.S.A., Inc. d/b/a Chicco are not due to file an appearance until December 20, 2022, which is past the 30 days this Notice of Removal must be filed by to comply with the requirements of 28 U.S.C. § 1446(b)(1). As such, counsel for The Boppy Company, LLC and Artsana U.S.A., Inc. d/b/a Chicco are not able to join in or consent to this Notice of Removal pursuant to 28 USCS § 1441(b)(2)(A). Target Corporation d/b/a Target Stores, Inc. will make all efforts possible to join in or obtain the consent of The Boppy Company, LLC and Artsana U.S.A., Inc. d/b/a Chicco to this Notice of Removal when an appearance is filed by counsel for The Boppy Company, LLC and Artsana U.S.A., Inc. d/b/a Chicco.

13.     This Court would have had original subject matter jurisdiction of this action under the provisions of 28 U.S.C. § 1332 if the New Haven Action had originally been brought in Federal court.  Removal, therefore, is proper under 28 U.S.C. § 1441(a).

14.     Removal of this case on the basis of diversity citizenship is not precluded by 28 U.S.C § 1441(b)(2) because none of the parties in interest has joined and served

as a defendant a citizen of the State of Connecticut, which is the State in which the New Haven Action was brought.

16. All state court papers served on the defendant at the time of removal, consisting of the summons and complaint, are attached hereto as **Exhibit A**.

16. Written notice of the filing of this Notice has been given to all parties as required by law (**Exhibit B**).

17. Pursuant to 28 USC §1446(d), the defendant has notified the Superior Court of the State of Connecticut of the filing of this petition.

For the reasons set forth above, the defendant hereby removes this action from the Superior Court of Connecticut, J.D. of New Haven at New Haven, to this Court.

<div style="margin-left: 40%;">

DEFENDANT,
TARGET CORPORATION D/B/A
TARGET STORES, INC.

By: /s/ Renee W. Dwyer ct10580
Renee W. Dwyer, ct10580
641 Farmington Avenue
Hartford, CT 06105
Phone: (860) 523-8000
Fax: (860) 523-8002
E-Mail: rdwyer@conwaystoughton.com

</div>

## **CERTIFICATION**

I hereby certify that on November 23, 2022, a copy of the foregoing Notice of Removal was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

/s/ Renee W. Dwyer ct10580
Renee W. Dwyer, ct10580

Exhibit A

**SUMMONS - CIVIL**
JD-CV-1  Rev. 2-22
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

For information on
ADA accommodations,
contact a court clerk or
go to: *www.jud.ct.gov/ADA.*

STATE OF CONNECTICUT
**SUPERIOR COURT**
*www.jud.ct.gov*



**Instructions are on page 2.**

☐ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.

☒ Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.

☐ Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk *(Number, street, town and zip code)*<br>**235 Church Street, New Haven, CT 06510** | Telephone number of clerk<br>( 203 ) 503 – 6800 | Return Date *(Must be a Tuesday)*<br>12/20/22 |
|---|---|---|
| ☒ Judicial District    G.A.<br>☐ Housing Session    Number: | At *(City/Town)*<br>**New Haven** | Case type code *(See list on page 2)*<br>Major: **T**    Minor: **20** |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)*<br>**BBB Attorneys, LLC, 3651 Main Street, Suite 200, Stratford, CT 06614** | Juris number *(if attorney or law firm)*<br>433193 |
|---|---|
| Telephone number<br>( 203 ) 562 – 0900 | Signature of plaintiff *(if self-represented)* | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. ☒ Yes ☐ No | E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book *(if agreed)*<br>filing@bbbattorneys.com |
|---|---|

| Parties | Name *(Last, First, Middle Initial)* and address of each party *(Number; street; P.O. Box; town; state; zip; country, if not USA)* | |
|---|---|---|
| **First plaintiff** | Name:  **Scricca, Anthony M., Administrator of the Estate of Angelise Yuly Maria Rodriguez**<br>Address: **3651 Main Street, Suite 200, Stratford, CT 06614** | P-01 |
| **Additional plaintiff** | Name:  **Rodriguez, Coleen**<br>Address: **458 Middletown Ave, Apt 12, New Haven CT 06513** | P-02 |
| **First defendant** | Name:  **The Boppy Company, LLC, 350 Indiana St, Suite 800, Golden, CO 80401, United States**<br>Address: **A/F/S: Per Statute** | D-01 |
| **Additional defendant** | Name:  **Artsana U.S.A., Inc. d/b/a Chicco, 1826 WILLIAM PENN WAY, LANCASTER, PA, 17601**<br>Address: **A/F/S: CT Secretary of State, 165 Capitol Ave., P.O. BOX 150470, Hartford, CT, 06115-0470** | D-02 |
| **Additional defendant** | Name:  **Target Corporation d/b/a Target Store, Inc.**<br>Address: **A/F/S: C T Corporation System - 67 Burnside Ave., East Hartford, CT 06108** | D-03 |
| **Additional defendant** | Name:<br>Address: | D-04 |

| Total number of plaintiffs: 3 | Total number of defendants: 3 | ☒ Form JD-CV-2 attached for additional parties |
|---|---|---|

**Notice to each defendant**

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
   **The court staff is not allowed to give advice on legal matters.**

| Date<br>**11/07/2022** | Signed *(Sign and select proper box)*<br>[signature] | ☒ Commissioner of Superior Court<br>☐ Clerk | Name of person signing<br>**Peter C. Bowman** | |
|---|---|---|---|---|

| If this summons is signed by a Clerk: | | For Court Use Only |
|---|---|---|
| a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.<br>b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.<br>c. The court staff is not permitted to give any legal advice in connection with any lawsuit.<br>d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint. | | File Date |

| I certify I have read and understand the above: | Signed *(Self-represented plaintiff)* | Date | Docket Number |
|---|---|---|---|

Print Form    Page 1 of 2    Reset Form

**Instructions**

1. Type or print legibly. If you are a self-represented party, this summons must be signed by a clerk of the court.
2. If there is more than one defendant, make a copy of the summons for each additional defendant. Each defendant must receive a copy of this summons. Each copy of the summons must show who signed the summons and when it was signed. If there are more than two plaintiffs or more than four defendants, complete the Civil Summons Continuation of Parties (form JD-CV-2) and attach it to the original and all copies of the summons.
3. Attach the summons to the complaint, and attach a copy of the summons to each copy of the complaint. Include a copy of the Civil Summons Continuation of Parties form, if applicable.
4. After service has been made by a proper officer, file the original papers and the officer's return of service with the clerk of the court.
5. Use this summons for the case type codes shown below.

   Do <u>not</u> use this summons for the following actions:

   (a) Family matters (for example divorce, child support, custody, parentage, and visitation matters)
   (b) Any actions or proceedings in which an attachment, garnishment or replevy is sought
   (c) Applications for change of name
   (d) Probate appeals

   (e) Administrative appeals
   (f) Proceedings pertaining to arbitration
   (g) Summary Process (Eviction) actions
   (h) Entry and Detainer proceedings
   (i) Housing Code Enforcement actions

**Case Type Codes**

| MAJOR DESCRIPTION | CODE Major/ Minor | MINOR DESCRIPTION | MAJOR DESCRIPTION | CODE Major/ Minor | MINOR DESCRIPTION |
|---|---|---|---|---|---|
| Contracts | C 00 | Construction - All other | Property | P 00 | Foreclosure |
| | C 10 | Construction - State and Local | | P 10 | Partition |
| | C 20 | Insurance Policy | | P 20 | Quiet Title/Discharge of Mortgage or Lien |
| | C 30 | Specific Performance | | P 30 | Asset Forfeiture |
| | C 40 | Collections | | P 90 | All other |
| | C 50 | Uninsured/Underinsured Motorist Coverage | | | |
| | C 60 | Uniform Limited Liability Company Act – C.G.S. 34-243 | Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
| | C 90 | All other | | T 03 | Defective Premises - Private - Other |
| Eminent Domain | E 00 | State Highway Condemnation | | T 11 | Defective Premises - Public - Snow or Ice |
| | E 10 | Redevelopment Condemnation | | T 12 | Defective Premises - Public - Other |
| | E 20 | Other State or Municipal Agencies | | T 20 | Products Liability - Other than Vehicular |
| | E 30 | Public Utilities & Gas Transmission Companies | | T 28 | Malpractice - Medical |
| | E 90 | All other | | T 29 | Malpractice - Legal |
| | | | | T 30 | Malpractice - All other |
| Housing | H 10 | Housing - Return of Security Deposit | | T 40 | Assault and Battery |
| | H 12 | Housing - Rent and/or Damages | | T 50 | Defamation |
| | H 40 | Housing - Housing - Audita Querela/Injunction | | T 61 | Animals - Dog |
| | H 50 | Housing - Administrative Appeal | | T 69 | Animals - Other |
| | H 60 | Housing - Municipal Enforcement | | T 70 | False Arrest |
| | H 90 | Housing - All Other | | T 71 | Fire Damage |
| | | | | T 90 | All other |
| Miscellaneous | M 00 | Injunction | | | |
| | M 10 | Receivership | Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
| | M 15 | Receivership for Abandoned/Blighted Property | | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
| | M 20 | Mandamus | | V 05 | Motor Vehicles* - Property Damage only |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) | | V 06 | Motor Vehicle* - Products Liability Including Warranty |
| | M 40 | Arbitration | | V 09 | Motor Vehicle* - All other |
| | M 50 | Declaratory Judgment | | V 10 | Boats |
| | M 63 | Bar Discipline | | V 20 | Airplanes |
| | M 66 | Department of Labor Unemployment Compensation Enforcement | | V 30 | Railroads |
| | | | | V 40 | Snowmobiles |
| | M 68 | Bar Discipline - Inactive Status | | V 90 | All other |
| | M 70 | Municipal Ordinance and Regulation Enforcement | | | *Motor Vehicles include cars, trucks, |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 | | | motorcycles, and motor scooters. |
| | M 83 | Small Claims Transfer to Regular Docket | | | |
| | M 84 | Foreign Protective Order | Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
| | M 89 | CHRO Action in the Public Interest - P.A. 19-93 | | W 90 | All other |
| | M 90 | All other | | | |



**RETURN DATE: DECEMBER 20, 2022**          **SUPERIOR COURT**

**ANTHONY SCRICCA, ADMINISTRATOR**
**OF THE ESTATE OF**
**ANGELISE RODRIGUEZ;**
**COLEEN RODRIGUEZ &**
**ANGEL MIGUEL RODRIGUEZ**                  **J.D. OF NEW HAVEN**

**V.**                                      **AT NEW HAVEN**

**THE BOPPY COMPANY, LLC;**
**ARTSANA U.S.A., INC. D/B/A CHICCO; &**
**TARGET CORPORATION D/B/A**
**TARGET STORE, INC.**                      **NOVEMBER 7, 2022**

<u>**COMPLAINT**</u>

<u>**COUNT ONE: ANTHONY SCRICCA, ADMINISTRATOR OF THE ESTATE OF**</u>
<u>**ANGELISE YULY MARIA RODRIGUEZ V. THE BOPPY COMPANY, LLC –**</u>
<u>**PRODUCT LIABILITY**</u>

1.  The infant decedent, Angelise Yuly Maria Rodriguez, (hereinafter the "infant decedent") was a resident of the State of Connecticut with her place of residence being in the City of New Haven.

2.  The Defendant, The Boppy Company, LLC, (hereinafter the "Defendant") was and still is a limited liability company operating under the laws of the State of Colorado, with a principal place of business in Golden, Colorado.

3.  On or around October 26, 2022, Anthony Scricca, was appointed Administrator of the Plaintiff, the Estate of Angelise Yuly Maria Rodriguez.

4.  Anthony Scricca brings this complaint in his capacity as the Administrator of the Estate of the decedent, Angelise Yuly Maria Rodriguez.

5.  At all times relevant hereto, the Defendant, had continuous and systematic business contacts with the state of Connecticut, selling and distributing its products throughout the state of Connecticut.

ATTORNEYS &
COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM

1



6. At all times mentioned herein, the Defendant, its agents, servants, representatives, and/or employees designs, manufactures, distributes, sells, tested, and/or was charged with providing warnings, instructions, marketing, packaging, or labeling baby pillows such as Boppy Pillows.

7. The Boppy Newborn Lounger was a product sold by the Defendant, and placed into the stream of commerce.

8. On or about November 8, 2019, the infant decedent, Angelise Yuly Maria Rodriguez, aged four months old, was placed in her crib on her back with the Boppy Newborn Lounger, at her home, in New Haven, Connecticut.

9. The infant decedent was found not breathing after she was laid in, on or around the Boppy Newborn Lounger.

10. After being found unresponsive, the infant decedent was taken to Yale New Haven Hospital where she was later pronounced dead.

11. The Plaintiff is a claimant, as defined under General Statutes § 52-572m.

12. The Boppy Newborn Lounger at issue was put into the stream of commerce by the defendant.

13. The Boppy Newborn Lounger at issue was expected to, and did reach, the consumer without substantial change in condition.

14. The Boppy Newborn Lounger was defective and unreasonably dangerous to the decedent in that the Boppy Newborn Lounger caused injury to the decedent.

15. The Defendant is legally responsible for the losses and injuries sustained by the plaintiff/claimant as a result of the defective and dangerous product pursuant to Connecticut General Statutes Section 52-572m, et seq. (The Connecticut Product Liability Act), in one or more of the following ways, in that it:

   a. put the Boppy Newborn Lounger in to the stream of commerce in a defective, unsafe, and dangerous condition, thereby subjecting the plaintiff to an unreasonable risk of injury;

ATTORNEYS &
COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM

2



b. knew or should have known that the Boppy Newborn Lounger was so dangerous that it posed a danger of harm to children who used it;

c. negligently failed to test and/or inspect the Boppy Newborn Lounger prior to their ultimate sale and exposure to the customer, thus causing a significant hazard to its customers including the plaintiff;

d. failed to identify the foreseeable risk in the product and/or remedy the risk prior to the exposure of the product to the consumer;

e. breached its statutory implied warranty of merchantability in that the Boppy Newborn Lounger was not reasonably safe and not fit for the ordinary purposes for which they were sold;

f. placed the Boppy Newborn Lounger in to the stream of commerce and/or exposed consumers to a defective and/or dangerous product;

g. failed to provide its customers with an adequate warning of the significant injury hazards associated with using and/or purchasing its product;

h. failed to provide its customers with an adequate instruction and/or training of the use of the production and of the significant injury hazards associated with using and/or purchasing its product;

i. violated and failed to comply with all aspects of selling a safe product, including any and all claims related to the Connecticut Product Liability Statute;

j. failed to conduct proper safety testing on the Boppy Newborn Lounger or in the manufacturing process as to prevent injuries in using the Boppy Newborn Lounger; and

k. failed to provide additional warnings to users once it knew or reasonably should have known that the Boppy Newborn Lounger or its usage would cause potential asphyxiation deaths.

16. As a result of the defendant's breach of the Connecticut Product Liability Act by the Defendant its agents, representatives, servants, and/or employees, the decedent suffered the following injuries:

ATTORNEYS &
COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM

3



a. cardiac arrest;

b. respiratory failure;

c. severe lactic acidosis;

d. hyperkalemia;

e. hypoxic ischemic injury likely from suffocation;

f. injury of head and neck with skull fracture; and

g. death.

17. Due to the dangerous and defective condition of the Boppy Newborn Lounger, the infant decedent sustained and suffered serious and severe personal injuries and death.

18. By further violation of the product liability act by the defendant as aforesaid, the Plaintiff was required to spend substantial sums of money for the infant decedent's medical care necessitated by the injuries incurred.

19. As a further violation of the product liability act by the Defendant as aforesaid, the Plaintiff was required to spend substantial sums of money for the infant decedent's funeral expenses.

20. As a further violation of the product liability act by the defendant as aforesaid, the Plaintiff has experienced pain and suffering, loss of enjoyment of life's leisure activities, and loss of earning capacity.

## COUNT TWO: ANTHONY SCRICCA, ADMINISTRATOR OF THE ESTATE ANGELISE YULY MARIA RODRIGUEZ V. ARTSANA U.S.A., INC. D/B/A CHICCO – PRODUCT LIABILITY

1. The infant decedent, Angelise Yuly Maria Rodriguez, (hereinafter the "infant decedent") was a resident of the State of Connecticut with her place of residence being in the City of New Haven.

2. The Defendant, Artsana U.S.A. Inc. d/b/a Chicco, (hereinafter the "Defendant") was and still is a corporation duly incorporated under the laws

ATTORNEYS &
COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBATTORNEYS.COM

4



of the State of New Jersey, with a principal place of business in Lancaster, Pennsylvania.

3. On or around October 26, 2022, Anthony Scricca, was appointed Administrator of the Plaintiff, the Estate of Angelise Yuly Maria Rodriguez.

4. Anthony Scricca brings this complaint in his capacity as the Administrator of the Estate of the decedent, Angelise Yuly Maria Rodriguez.

5. At all times relevant hereto, the Defendant, had continuous and systematic business contacts with the state of Connecticut, selling and distributing its products throughout the state of Connecticut.

6. At all times mentioned herein, the Defendant, its agents, servants, representatives, and/or employees designs, manufactures, distributes, sells, tested, and/or was charged with providing warnings, instructions, marketing, packaging, or labeling baby pillows such as Boppy Pillows.

7. The Boppy Newborn Lounger was a product sold by the Defendant.

8. On or about November 8, 2019, the infant decedent, Angelise Yuly Maria Rodriguez, at only four months old, was placed in her crib on her back, with the Boppy Newborn Lounger, at her home, in New Haven, Connecticut.

9. The infant decedent was found not breathing after she was laid in or around the Boppy Newborn Lounger.

10. After being found unresponsive, the infant decedent was taken to Yale New Haven Hospital where she was later pronounced dead.

11. The Plaintiff is a claimant, as defined under General Statutes § 52-572m.

12. The Boppy Newborn Lounger at issue was put into the stream of commerce by the defendant.

13. The Boppy Newborn Lounger at issue was expected to, and did reach, the consumer without substantial change in condition.

ATTORNEYS &
COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM

5



14. The Boppy Newborn Lounger was defective and unreasonably dangerous to the decedent in that the Boppy Newborn Lounger caused injury to the decedent.

15. The Defendant is legally responsible for the losses and injuries sustained by the plaintiff/claimant as a result of the defective and dangerous product pursuant to Connecticut General Statutes Section 52-572m, et seq. (The Connecticut Product Liability Act), in one or more of the following ways, in that it:

    a. put the Boppy Newborn Lounger in to the stream of commerce in a defective, unsafe, and dangerous condition, thereby subjecting the plaintiff to an unreasonable risk of injury;

    b. knew or should have known that the Boppy Newborn Lounger was so dangerous that it posed a danger of harm to children who used it;

    c. negligently failed to test and/or inspect the Boppy Newborn Lounger prior to their ultimate sale and exposure to the customer, thus causing a significant hazard to its customers including the plaintiff;

    d. failed to identify the foreseeable risk in the product and/or remedy the risk prior to the exposure of the product to the consumer;

    e. breached its statutory implied warranty of merchantability in that the Boppy Newborn Lounger was not reasonably safe and not fit for the ordinary purposes for which they were sold;

    f. placed the Boppy Newborn Lounger into the stream of commerce and/or exposed consumers to a defective and/or dangerous product;

    g. failed to provide its customers with an adequate warning of the significant injury hazards associated with using and/or purchasing its product;

    h. violated and failed to comply with all aspects of selling a safe product, including any and all claims related to the Connecticut Product Liability Statute;

ATTORNEYS &
COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM

6



i. failed to provide its customers with an adequate instruction and/or training of the use of the production and of the significant injury hazards associated with using and/or purchasing its product;

j. failed to conduct proper safety testing on the Boppy Newborn Lounger or in the manufacturing process as to prevent injuries in using the Boppy Newborn Lounger;

k. failed to provide additional warnings to users once it knew or reasonably should have known that the Boppy Newborn Lounger or its usage would cause potential asphyxiation deaths;

16. As a result of the Defendant's breach of the Connecticut Product Liability Act by the Defendant its agents, representatives, servants, and/or employees, the decedent suffered the following injuries:

a. cardiac arrest;

b. respiratory failure;

c. severe lactic acidosis;

d. hyperkalemia;

e. hypoxic ischemic injury likely from suffocation;

f. injury of head and neck with skull fracture; and

g. death.

17. Due to the dangerous and defective condition of the Boppy Newborn Lounger, the infant decedent sustained and suffered serious and severe personal injuries and death.

18. By further violation of the product liability act by the defendant as aforesaid, the Plaintiff was required to spend substantial sums of money for the infant decedent's medical care necessitated by the injuries incurred.

19. As a further violation of the product liability act by the Defendant as aforesaid, the Plaintiff was required to spend substantial sums of money for the infant decedent's funeral expenses.

ATTORNEYS &
COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM

7



20. As a further violation of the product liability act by the defendant as aforesaid, the Plaintiff has experienced pain and suffering, loss of enjoyment of life's leisure activities, and loss of earning capacity.

## COUNT THREE: ANTHONY SCRICCA, ADMINISTRATOR OF THE ESTATE ANGELISE YULY MARIA RODRIGUEZ V. TARGET CORPORATION D/B/A TARGET STORES, INC. – PRODUCT LIABILITY

1. The infant decedent, Angelise Yuly Maria Rodriguez, (hereinafter the "infant decedent") was a resident of the State of Connecticut with her place of residence being in the City of New Haven.

2. The defendant, Target Corporation d/b/a Target Stores, Inc., (hereinafter the "Defendant") was and still is a corporation duly incorporated under the laws of the State of Minnesota, with a principal place of business in Minneapolis, Minnesota.

3. On or around October 26, 2022, Anthony Scricca, was appointed Administrator of the Plaintiff, the Estate of Angelise Yuly Maria Rodriguez.

4. Anthony Scricca brings this complaint in his capacity as the Administrator of the Estate of the decedent, Angelise Yuly Maria Rodriguez.

5. At all times relevant hereto, the Defendant, had continuous and systematic business contacts with the state of Connecticut, selling and distributing its products throughout the state of Connecticut.

6. At all times mentioned herein, the Defendant, its agents, servants, representatives, and/or employees designs, manufactures, distributes, sells, tested, and/or was charged with providing warnings, instructions, marketing, packaging, or labeling baby pillows such as Boppy Pillows.

7. The Boppy Newborn Lounger was a product sold by the Defendant.

8. On or about November 8, 2019, the infant decedent, Angelise Yuly Maria Rodriguez, at only four months old, was placed in her crib on her back with the Boppy Newborn Lounger, at her home, in New Haven, Connecticut.

9. The infant decedent was found not breathing after she was laid in or around the Boppy Newborn Lounger.

ATTORNEYS &
COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM

8



10. After being found unresponsive, the infant decedent was taken to Yale New Haven Hospital where she was later pronounced dead.

11. The Plaintiff is a claimant, as defined under General Statutes § 52-572m.

12. The Boppy Newborn Lounger at issue was put into the stream of commerce by the Defendant.

13. The Boppy Newborn Lounger at issue was expected to, and did reach, the consumer without substantial change in condition.

14. The Boppy Newborn Lounger was defective and unreasonably dangerous to the decedent in that the Boppy Newborn Lounger caused injury to the decedent.

15. The Defendant is legally responsible for the losses and injuries sustained by the plaintiff/claimant as a result of the defective and dangerous product pursuant to Connecticut General Statutes Section 52-572m, et seq. (The Connecticut Product Liability Act), in one or more of the following ways, in that it:

    a. put the Boppy Newborn Lounger into the stream of commerce in a defective, unsafe, and dangerous condition, thereby subjecting the plaintiff to an unreasonable risk of injury;

    b. knew or should have known that the Boppy Newborn Lounger was so dangerous that it posed a danger of harm to children who used it;

    c. negligently failed to test and/or inspect the Boppy Newborn Lounger prior to their ultimate sale and exposure to the customer, thus causing a significant hazard to its customers including the plaintiff;

    d. failed to identify the foreseeable risk in the product and/or remedy the risk prior to the exposure of the product to the consumer;

    e. breached its statutory implied warranty of merchantability in that the Boppy Newborn Lounger was not reasonably safe and not fit for the ordinary purposes for which they were sold;

ATTORNEYS &
COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM

9



    f.  placed the Boppy Newborn Lounger in to the stream of commerce and/or exposed consumers to a defective and/or dangerous product;

    g.  failed to provide its customers with an adequate warning of the significant injury hazards associated with using and/or purchasing its product;

    h.  violated and failed to comply with all aspects of selling a safe product, including any and all claims related to the Connecticut Product Liability Statute;

    i.  failed to provide its customers with an adequate instruction and/or training of the use of the production and of the significant injury hazards associated with using and/or purchasing its product; and

    j.  failed to provide additional warnings to users once it knew or reasonably should have known that the Boppy Newborn Lounger or its usage would cause potential asphyxiation deaths.

16. As a result of the Defendant's breach of the Connecticut Product Liability Act by the Defendant its agents, representatives, servants, and/or employees, the decedent suffered the following injuries:

    a.  cardiac arrest;

    b.  respiratory failure;

    c.  severe lactic acidosis;

    d.  hyperkalemia;

    e.  hypoxic ischemic injury likely from suffocation;

    f.  injury of head and neck with skull fracture; and

    g.  death.

17. Due to the dangerous and defective condition of the Boppy Newborn Lounger, the infant decedent sustained and suffered serious and severe personal injuries and death.

ATTORNEYS &
COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM

10



18. By further violation of the product liability act by the Defendant as aforesaid, the Plaintiff was required to spend substantial sums of money for the infant decedent's medical care necessitated by the injuries incurred.

19. As a further violation of the product liability act by the Defendant as aforesaid, the Plaintiff was required to spend substantial sums of money for the infant decedent's funeral expenses.

20. As a further violation of the product liability act by the defendant as aforesaid, the Plaintiff has experienced pain and suffering, loss of enjoyment of life's leisure activities, and loss of earning capacity.

## COUNT FOUR: LOSS OF CONSORTIUM – COLEEN RODRIGUEZ

1. All paragraphs of Counts One, Two and Three are hereby incorporated and restated as if set for and incorporated as Paragraph 1 of Count Four.

2. The plaintiff, Coleen Rodriguez, is the mother of the infant decedent, Angelise Yuly Maria Rodriguez.

3. As a further result of the violation of the product liability act of the defendant, as well as the injuries to the infant decedent, has lost the consortium, society, care and companionship of her daughter, and will continue to suffer such a loss in the future.

4. The plaintiff brings these claims against all defendants as named in Counts One, Two and Three.

## COUNT FIVE: LOSS OF CONSORTIUM – ANGEL MIGUEL RODRIGUEZ

1. All paragraphs of Counts One, Two and Three are hereby incorporated and restated as if set for and incorporated as Paragraph 1 of Count Four.

2. The plaintiff, Angel Miguel Rodriguez, is the father of the infant decedent, Angelise Yuly Maria Rodriguez.

3. As a further result of the violation of the product liability act of the defendant, as well as the injuries to the infant decedent, has lost the consortium, society, care and companionship of his daughter, and will continue to suffer such a loss in the future.

ATTORNEYS &
COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM

11



4. The plaintiff brings these claims against all defendants as named in Counts One, Two and Three.

## COUNT SIX: ANTHONY SCRICCA, ADMINISTRATOR OF THE ESTATE ANGELISE YULY MARIA RODRIGUEZ V. THE BOPPY COMPANY, LLC – RECKLESSNESS PURSUANT TO §52-240b

1. The infant decedent, Angelise Yuly Maria Rodriguez, (hereinafter the "infant decedent") was a resident of the State of Connecticut with her place of residence being in the City of New Haven.

2. The Defendant, The Boppy Company, LLC, (hereinafter the "Defendant") was and still is a limited liability company operating under the laws of the State of Colorado, with a principal place of business in Golden, Colorado.

3. On or around October 26, 2022, Anthony Scricca, was appointed Administrator of the Plaintiff, the Estate of Angelise Yuly Maria Rodriguez.

4. Anthony Scricca brings this complaint in his capacity as the Administrator of the Estate of the decedent, Angelise Yuly Maria Rodriguez.

5. At all times relevant hereto, the Defendant, had continuous and systematic business contacts with the state of Connecticut, selling and distributing its products throughout the state of Connecticut.

6. At all times mentioned herein, the Defendant, its agents, servants, representatives, and/or employees designs, manufactures, distributes, sells, tested, and/or was charged with providing warnings, instructions, marketing, packaging, or labeling baby pillows such as Boppy Pillows.

7. The Boppy Newborn Lounger was a product sold by the Defendant.

8. On or about November 8, 2019, the infant decedent, Angelise Yuly Maria Rodriguez, at only four months old, was placed in her crib on her back, with the Boppy Newborn Lounger, at her home, in New Haven, Connecticut.

9. The infant decedent was found not breathing after she was laid in or around the Boppy Newborn Lounger.

ATTORNEYS & COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM

12



10. After being found unresponsive, the infant decedent was taken to Yale New Haven Hospital where she was later pronounced dead.

11. The Plaintiff is a claimant, as defined under General Statutes § 52-572m.

12. The Boppy Newborn Lounger at issue was put into the stream of commerce by the defendant.

13. The Boppy Newborn Lounger at issue was expected to, and did reach, the consumer without substantial change in condition.

14. The defendant recklessly sold The Bobby Newborn Lounger to the public when it was not reasonably safe and not fit for the ordinary purposes for which they were sold.

15. The defendant recklessly sold The Bobby Newborn Lounger to the public despite prior claims against the it for losses and injuries similar to the losses and injuries of the Plaintiff.

16. The injuries and damages of the plaintiff was the result of the product seller's reckless disregard for the safety of product users, consumers or others who were injured by the product, including the following:

    a. Selling over 3.3 million Boppy Newborn Loungers, under the names Boppy Original Newborn Loungers, Boppy Preferred Newborn Loungers and Pottery Barn Kids Boppy Newborn Loungers;

    b. Knew, should have known or otherwise having complete reckless disregard that infants can suffocate if they roll, move, or are placed on the lounger in a position that obstructs breathing, or roll off the lounger onto an external surface, such as an adult pillow or soft bedding that obstructs breathing;

    c. Being forced to recall the item by the Consumer Product Safety Commission as a result of at least eight (8) reports of deaths associated with the product, instead of conducting their own proper testing to determine the safety of the product;

ATTORNEYS &
COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM

13



d. Knew, should have known or otherwise having complete reckless disregard that the products were too risky to be sold to the general public for use by consumers, including the plaintiffs; and

e. Placed profit over safety in failing to conduct sufficient safety testing, analysis or provide sufficient warnings as to the potential dangers of this products to infants, including the decedent.

17. The losses and injuries sustained by the plaintiff/claimant was due to the Defendant's reckless disregard for the safety of product uses, consumers, and others injured by The Newborn Boppy Lounger, including the plaintiff, in that it:

a. deliberately sold The Bobby Newborn Lounger to the public when it knew or should have known when it was not reasonably safe and not fit for the ordinary purposes for which they were sold.

b. deliberately continued to sell The Bobby Newborn Lounger to the public despite prior claims against it for losses and injuries similar to the losses and injuries of the Plaintiff.

c. recklessly failed to test and/or inspect the Boppy Newborn Lounger despite prior claims against it for losses and injuries similar to the losses and injuries of the Plaintiff;

d. failed to identify the foreseeable risk in the product and/or remedy the risk prior claims against it for losses and injuries similar to the losses and injuries of the Plaintiff;

e. breached its statutory implied warranty of merchantability in that the Boppy Newborn Lounger was not reasonably safe and not fit for the ordinary purposes for which they were sold;

f. placed the Boppy Newborn Lounger in to the stream of commerce when it knew or should have known that it exposed consumers, including the infant decedent, to a defective and/or dangerous product;

ATTORNEYS & COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM



18. All of the aforementioned violations were engaged in by the Defendant either deliberately or with reckless disregard as to the consequences and were a substantial factor in causing injury to the Plaintiff.

19. As a result of the Defendant's breach of the Connecticut Product Liability Act by the Defendant its agents, representatives, servants, and/or employees, the decedent suffered the following injuries:

   a. cardiac arrest;

   b. respiratory failure;

   c. severe lactic acidosis;

   d. hyperkalemia;

   e. hypoxic ischemic injury likely from suffocation;

   f. injury of head and neck with skull fracture; and

   g. death.

20. Due to the dangerous and defective condition of the Boppy Newborn Lounger, the infant decedent sustained and suffered serious and severe personal injuries and death.

21. By further violation of the product liability act by the Defendant as aforesaid, the Plaintiff was required to spend substantial sums of money for the infant decedent's medical care necessitated by the injuries incurred.

22. As a further violation of the product liability act by the Defendant as aforesaid, the Plaintiff was required to spend substantial sums of money for the infant decedent's funeral expenses.

23. As a further violation of the product liability act by the defendant as aforesaid, the Plaintiff has experienced pain and suffering, loss of enjoyment of life's leisure activities, and loss of earning capacity.

24. The plaintiff is entitled to punitive damages as a result of the reckless conduct pursuant to General Statutes Sec. 52-240b.

ATTORNEYS &
COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM



**COUNT SEVEN: ANTHONY SCRICCA, ADMINISTRATOR OF THE ESTATE ANGELISE YULY MARIA RODRIGUEZ V. ARTSANA U.S.A., INC. D/B/A CHICCO – RECKLESSNESS PURSUANT TO §52-240b**

1. The infant decedent, Angelise Yuly Maria Rodriguez, (hereinafter the "infant decedent") was a resident of the State of Connecticut with her place of residence being in the City of New Haven.

2. The Defendant, Artsana U.S.A. Inc. d/b/a Chicco, (hereinafter the "Defendant") was and still is a corporation duly incorporated under the laws of the State of New Jersey, with a principal place of business in Lancaster, Pennsylvania.

3. On or around October 26, 2022, Anthony Scricca, was appointed Administrator of the Plaintiff, the Estate of Angelise Yuly Maria Rodriguez.

4. Anthony Scricca brings this complaint in his capacity as the Administrator of the Estate of the decedent, Angelise Yuly Maria Rodriguez.

5. At all times relevant hereto, the Defendant, had continuous and systematic business contacts with the state of Connecticut, selling and distributing its products throughout the state of Connecticut.

6. At all times mentioned herein, the Defendant, its agents, servants, representatives, and/or employees designs, manufactures, distributes, sells, tested, and/or was charged with providing warnings, instructions, marketing, packaging, or labeling baby pillows such as Boppy Pillows.

7. The Boppy Newborn Lounger was a product sold by the Defendant.

8. On or about November 8, 2019, the infant decedent, Angelise Yuly Maria Rodriguez, at only four months old, was placed in her crib on her back, with the Boppy Newborn Lounger, at her home, in New Haven, Connecticut.

9. The infant decedent was found not breathing after she was laid in or around the Boppy Newborn Lounger.

10. After being found unresponsive, the infant decedent was taken to Yale New Haven Hospital where she was later pronounced dead.

ATTORNEYS &
COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM

16



11. The Plaintiff is a claimant, as defined under General Statutes § 52-572m.

12. The Boppy Newborn Lounger at issue was put into the stream of commerce by the defendant.

13. The Boppy Newborn Lounger at issue was expected to, and did reach, the consumer without substantial change in condition.

14. The defendant recklessly sold The Bobby Newborn Lounger to the public when it was not reasonably safe and not fit for the ordinary purposes for which they were sold.

15. The defendant recklessly sold The Bobby Newborn Lounger to the public despite prior claims against the it for losses and injuries similar to the losses and injuries of the Plaintiff.

16. The injuries and damages of the plaintiff was the result of the product seller's reckless disregard for the safety of product users, consumers or others who were injured by the product, including the following:

   a. Selling over 3.3 million Boppy Newborn Loungers, under the names Boppy Original Newborn Loungers, Boppy Preferred Newborn Loungers and Pottery Barn Kids Boppy Newborn Loungers;

   b. Knew, should have known or otherwise having complete reckless disregard that infants can suffocate if they roll, move, or are placed on the lounger in a position that obstructs breathing, or roll off the lounger onto an external surface, such as an adult pillow or soft bedding that obstructs breathing;

   c. Being forced to recall the item by the Consumer Product Safety Commission as a result of at least eight (8) reports of deaths associated with the product, instead of conducting their own proper testing to determine the safety of the product;

   d. Knew, should have known or otherwise having complete reckless disregard that the products were too risky to be sold to the general public for use by consumers, including the plaintiffs; and

ATTORNEYS &
COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM

17



    e. Placed profit over safety in failing to conduct sufficient safety testing, analysis or provide sufficient warnings as to the potential dangers of this products to infants, including the decedent.

17. The losses and injuries sustained by the plaintiff/claimant was due to the Defendant's reckless disregard for the safety of product uses, consumers, and others injured by The Newborn Boppy Lounger, including the plaintiff, in that it:

    a. deliberately sold The Bobby Newborn Lounger to the public when it knew or should have known when it was not reasonably safe and not fit for the ordinary purposes for which they were sold.

    b. deliberately continued to sell The Bobby Newborn Lounger to the public despite prior claims against it for losses and injuries similar to the losses and injuries of the Plaintiff.

    c. recklessly failed to test and/or inspect the Boppy Newborn Lounger despite prior claims against it for losses and injuries similar to the losses and injuries of the Plaintiff;

    d. failed to identify the foreseeable risk in the product and/or remedy the risk prior claims against it for losses and injuries similar to the losses and injuries of the Plaintiff;

    e. breached its statutory implied warranty of merchantability in that the Boppy Newborn Lounger was not reasonably safe and not fit for the ordinary purposes for which they were sold;

    f. placed the Boppy Newborn Lounger in to the stream of commerce when it knew or should have known that it exposed consumers, including the infant decedent, to a defective and/or dangerous product;

18. All of the aforementioned violations were engaged in by the Defendant either deliberately or with reckless disregard as to the consequences and were a substantial factor in causing injury to the Plaintiff.

ATTORNEYS &
COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM



19. As a result of the Defendant's breach of the Connecticut Product Liability Act by the Defendant its agents, representatives, servants, and/or employees, the decedent suffered the following injuries:

    a.  cardiac arrest;

    b.  respiratory failure;

    c.  severe lactic acidosis;

    d.  hyperkalemia;

    e.  hypoxic ischemic injury likely from suffocation;

    f.  injury of head and neck with skull fracture; and

    g.  death.

20. Due to the dangerous and defective condition of the Boppy Newborn Lounger, the infant decedent sustained and suffered serious and severe personal injuries and death.

21. By further violation of the product liability act by the Defendant as aforesaid, the Plaintiff was required to spend substantial sums of money for the infant decedent's medical care necessitated by the injuries incurred.

22. As a further violation of the product liability act by the Defendant as aforesaid, the Plaintiff was required to spend substantial sums of money for the infant decedent's funeral expenses.

23. As a further violation of the product liability act by the defendant as aforesaid, the Plaintiff has experienced pain and suffering, loss of enjoyment of life's leisure activities, and loss of earning capacity.

24. The plaintiff is entitled to punitive damages as a result of the reckless conduct pursuant to General Statutes Sec. 52-240b.

## COUNT EIGHT: ANTHONY SCRICCA, ADMINISTRATOR OF THE ESTATE ANGELISE YULY MARIA RODRIGUEZ V. TARGET CORPORATION D/B/A TARGET STORES, INC. – RECKLESSNESS PURSUANT TO §52-240b

ATTORNEYS & COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM

19



1. The infant decedent, Angelise Yuly Maria Rodriguez, (hereinafter the "infant decedent") was a resident of the State of Connecticut with her place of residence being in the City of New Haven.

2. The defendant, Target Corporation d/b/a Target Stores, Inc., (hereinafter the "Defendant") was and still is a corporation duly incorporated under the laws of the State of Minnesota, with a principal place of business in Minneapolis, Minnesota.

3. On or around October 26, 2022, Anthony Scricca, was appointed Administrator of the Plaintiff, the Estate of Angelise Yuly Maria Rodriguez.

4. Anthony Scricca brings this complaint in his capacity as the Administrator of the Estate of the decedent, Angelise Yuly Maria Rodriguez.

5. At all times relevant hereto, the Defendant, had continuous and systematic business contacts with the state of Connecticut, selling and distributing its products throughout the state of Connecticut.

6. At all times mentioned herein, the Defendant, its agents, servants, representatives, and/or employees designs, manufactures, distributes, sells, tested, and/or was charged with providing warnings, instructions, marketing, packaging, or labeling baby pillows such as Boppy Pillows.

7. The Boppy Newborn Lounger was a product sold by the Defendant.

8. On or about November 8, 2019, the infant decedent, Angelise Yuly Maria Rodriguez, at only four months old, was placed in her crib on her back, with the Boppy Newborn Lounger, at her home, in New Haven, Connecticut.

9. The infant decedent was found not breathing after she was laid in or around the Boppy Newborn Lounger.

10. After being found unresponsive, the infant decedent was taken to Yale New Haven Hospital where she was later pronounced dead.

11. The Plaintiff is a claimant, as defined under General Statutes § 52-572m.

12. The Boppy Newborn Lounger at issue was put into the stream of commerce by the defendant.

ATTORNEYS & COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM

20



13. The Boppy Newborn Lounger at issue was expected to, and did reach, the consumer without substantial change in condition.

14. The defendant recklessly sold The Bobby Newborn Lounger to the public when it was not reasonably safe and not fit for the ordinary purposes for which they were sold.

15. The defendant recklessly sold The Bobby Newborn Lounger to the public despite prior claims against the it for losses and injuries similar to the losses and injuries of the Plaintiff.

16. The injuries and damages of the plaintiff was the result of the product seller's reckless disregard for the safety of product users, consumers or others who were injured by the product, including the following:

   a. Selling over 3.3 million Boppy Newborn Loungers, under the names Boppy Original Newborn Loungers, Boppy Preferred Newborn Loungers and Pottery Barn Kids Boppy Newborn Loungers;

   b. Knew, should have known or otherwise having complete reckless disregard that infants can suffocate if they roll, move, or are placed on the lounger in a position that obstructs breathing, or roll off the lounger onto an external surface, such as an adult pillow or soft bedding that obstructs breathing;

   c. Being forced to recall the item by the Consumer Product Safety Commission as a result of at least eight (8) reports of deaths associated with the product, instead of conducting their own proper testing to determine the safety of the product;

   d. Knew, should have known or otherwise having complete reckless disregard that the products were too risky to be sold to the general public for use by consumers, including the plaintiffs; and

   e. Placed profit over safety in failing to conduct sufficient safety testing, analysis or provide sufficient warnings as to the potential dangers of this products to infants, including the decedent.

ATTORNEYS &
COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM

21



17. The losses and injuries sustained by the plaintiff/claimant was due to the Defendant's reckless disregard for the safety of product uses, consumers, and others injured by The Newborn Boppy Lounger, including the plaintiff, in that it:

    a. deliberately sold The Bobby Newborn Lounger to the public when it knew or should have known when it was not reasonably safe and not fit for the ordinary purposes for which they were sold.

    b. deliberately continued to sell The Bobby Newborn Lounger to the public despite prior claims against it for losses and injuries similar to the losses and injuries of the Plaintiff.

    c. recklessly failed to test and/or inspect the Boppy Newborn Lounger despite prior claims against it for losses and injuries similar to the losses and injuries of the Plaintiff;

    d. failed to identify the foreseeable risk in the product and/or remedy the risk prior claims against it for losses and injuries similar to the losses and injuries of the Plaintiff;

    e. breached its statutory implied warranty of merchantability in that the Boppy Newborn Lounger was not reasonably safe and not fit for the ordinary purposes for which they were sold;

    f. placed the Boppy Newborn Lounger in to the stream of commerce when it knew or should have known that it exposed consumers, including the infant decedent, to a defective and/or dangerous product;

18. All of the aforementioned violations were engaged in by the Defendant either deliberately or with reckless disregard as to the consequences and were a substantial factor in causing injury to the Plaintiff.

19. As a result of the Defendant's breach of the Connecticut Product Liability Act by the Defendant its agents, representatives, servants, and/or employees, the decedent suffered the following injuries:

    a. cardiac arrest;

    b. respiratory failure;

ATTORNEYS &
COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM

22



c. severe lactic acidosis;

d. hyperkalemia;

e. hypoxic ischemic injury likely from suffocation;

f. injury of head and neck with skull fracture; and

g. death.

20. Due to the dangerous and defective condition of the Boppy Newborn Lounger, the infant decedent sustained and suffered serious and severe personal injuries and death.

21. By further violation of the product liability act by the Defendant as aforesaid, the Plaintiff was required to spend substantial sums of money for the infant decedent's medical care necessitated by the injuries incurred.

22. As a further violation of the product liability act by the Defendant as aforesaid, the Plaintiff was required to spend substantial sums of money for the infant decedent's funeral expenses.

23. As a further violation of the product liability act by the defendant as aforesaid, the Plaintiff has experienced pain and suffering, loss of enjoyment of life's leisure activities, and loss of earning capacity.

24. The plaintiff is entitled to punitive damages as a result of the reckless conduct pursuant to General Statutes Sec. 52-240b.

## COUNT NINE: LOSS OF CONSORTIUM – COLEEN RODRIGUEZ - RECKLESSNESS

1. All paragraphs of Counts Six, Seven and Eight are hereby incorporated and restated as if set for and incorporated as Paragraph 1 of Count Four.

2. The plaintiff, Coleen Rodriguez, is the mother of the infant decedent, Angelise Yuly Maria Rodriguez.

3. As a further result of the violation of the product liability act of the defendant and the reckless disregard as detailed above, as well as the injuries to the infant decedent, has lost the consortium, society, care and companionship of her daughter, and will continue to suffer such a loss in the future.

**ATTORNEYS &
COUNSELORS**

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM

23



4. The plaintiff brings these claims against all defendants as named in Counts Six, Seven and Eight.

## COUNT TEN: LOSS OF CONSORTIUM – ANGEL MIGUEL RODRIGUEZ

1. All paragraphs of Counts Six, Seven and Eight are hereby incorporated and restated as if set for and incorporated as Paragraph 1 of Count Four.

2. The plaintiff, Angel Miguel Rodriguez, is the father of the infant decedent, Angelise Yuly Maria Rodriguez.

3. As a further result of the violation of the product liability act of the defendant and the reckless disregard as detailed above, as well as the injuries to the infant decedent, has lost the consortium, society, care and companionship of her daughter, and will continue to suffer such a loss in the future.

4. The plaintiff brings these claims against all defendants as named in Counts Six, Seven and Eight.

## COUNT ELEVEN: ANTHONY SCRICCA, ADMINISTRATOR OF THE ESTATE ANGELISE YULY MARIA RODRIGUEZ V. THE BOPPY COMPANY, LLC – CUTPA

1. All paragraphs of the First Count and Sixth Count are hereby incorporated by reference and made and asserted and alleged as paragraph 1 of Count Eleven as if fully set forth herein.

2. At all times relevant, the Defendant was engaged in trade or commerce within the State of Connecticut.

3. The Defendant advertised The Newborn Boppy Lounger as a lounger pillow designed "for baby and caregiver alike" and The Newborn Boppy Lounger creates "comfort for the child."

4. The Defendant deliberately continued to advertise and sell The Bobby Newborn Lounger to the public in a defective, unsafe, and dangerous condition, thereby subjecting the plaintiff to an unreasonable risk of injury.

ATTORNEYS &
COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM

24

N



5. The Defendant deliberately continued to advertise and sell The Bobby Newborn Lounger to the public despite prior claims against it for losses and injuries similar to the losses and injuries of the Plaintiff.

6. Failed to properly investigate or otherwise determine whether their product was safe after reports of injury as a result of the use of the product.

7. The Defendant's conduct as aforesaid, constituted an unfair method of trade or deceptive act or practice in the conduct of trade or commerce in violation of the Connecticut Unfair Trade Practices Act ("CUTPA").

8. The Defendant breached and/or violated the Connecticut Unfair Trade Practices Act, General Statutes Section 42-110a, et seq. ("CUTPA") in that its misconduct as alleged by the plaintiff in all Counts constituted unfair acts or practices in the conduct of its trade and commerce which caused substantial injury to the Plaintiff as a consumer of its products.

9. Under CUTPA, the Plaintiff is entitled to recover compensatory damages from the Defendant, including attorneys' fees, costs, emotional distress, and punitive damages.

## COUNT TWELVE: ANTHONY SCRICCA, ADMINISTRATOR OF THE ESTATE ANGELISE YULY MARIA RODRIGUEZ V. ARTSANA U.S.A., INC. D/B/A CHICCO – CUTPA

1. All paragraphs of the Third Count and Eighth Count are hereby incorporated by reference and made and asserted and alleged as paragraph 1 of Count Twelve as if fully set forth herein.

2. At all times relevant, the Defendant was engaged in trade or commerce within the State of Connecticut.

3. The Defendant advertised The Newborn Boppy Lounger as a lounger pillow designed "for baby and caregiver alike" and The Newborn Boppy Lounger creates "comfort for the child."

4. The Defendant deliberately continued to advertise and sell The Bobby Newborn Lounger to the public in a defective, unsafe, and dangerous condition, thereby subjecting the plaintiff to an unreasonable risk of injury.



5. The Defendant deliberately continued to advertise and sell The Bobby Newborn Lounger to the public despite prior claims against it for losses and injuries similar to the losses and injuries of the Plaintiff.

6. Failed to properly investigate or otherwise determine whether their product was safe after reports of injury as a result of the use of the product.

7. The Defendant's conduct as aforesaid, constituted an unfair method of trade or deceptive act or practice in the conduct of trade or commerce in violation of the Connecticut Unfair Trade Practices Act ("CUTPA").

8. The Defendant breached and/or violated the Connecticut Unfair Trade Practices Act, General Statutes Section 42-110a, et seq. ("CUTPA") in that its misconduct as alleged by the plaintiff in all Counts constituted unfair acts or practices in the conduct of its trade and commerce which caused substantial injury to the Plaintiff as a consumer of its products.

9. Under CUTPA, the Plaintiff is entitled to recover compensatory damages from the Defendant, including attorneys' fees, costs, emotional distress, and punitive damages.

## COUNT TWELVE: ANTHONY SCRICCA, ADMINISTRATOR OF THE ESTATE ANGELISE YULY MARIA RODRIGUEZ V. TARGET CORPORATION D/B/A TARGET STORES, INC. – CUTPA

1. All paragraphs of the Second Count and Seventh Count are hereby incorporated by reference and made and asserted and alleged as paragraph 1 of Count Twelve as if fully set forth herein.

2. At all times relevant, the Defendant was engaged in trade or commerce within the State of Connecticut.

3. The Defendant advertised The Newborn Boppy Lounger as a lounger pillow designed "for baby and caregiver alike" and The Newborn Boppy Lounger creates "comfort for the child."

4. The Defendant deliberately continued to advertise and sell The Bobby Newborn Lounger to the public in a defective, unsafe, and dangerous condition, thereby subjecting the plaintiff to an unreasonable risk of injury.

ATTORNEYS &
COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM

26



5.  The Defendant deliberately continued to advertise and sell The Bobby Newborn Lounger to the public despite prior claims against it for losses and injuries similar to the losses and injuries of the Plaintiff.

6.  Failed to properly investigate or otherwise determine whether their product was safe after reports of injury as a result of the use of the product.

7.  The Defendant's conduct as aforesaid, constituted an unfair method of trade or deceptive act or practice in the conduct of trade or commerce in violation of the Connecticut Unfair Trade Practices Act ("CUTPA").

8.  The Defendant breached and/or violated the Connecticut Unfair Trade Practices Act, General Statutes Section 42-110a, et seq. ("CUTPA") in that its misconduct as alleged by the plaintiff in all Counts constituted unfair acts or practices in the conduct of its trade and commerce which caused substantial injury to the Plaintiff as a consumer of its products.

9.  Under CUTPA, the Plaintiff is entitled to recover compensatory damages from the Defendant, including attorneys' fees, costs, emotional distress, and punitive damages.

**ATTORNEYS & COUNSELORS**

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O  203 562 0900
F  203 562 0902
BBBATTORNEYS.COM

27



WHEREFORE, the Plaintiff claims:

1. Monetary relief;

2. Double damages pursuant to Conn. Gen. Stat. § 52-240b

3. Attorneys' fees pursuant to Conn. Gen. Stat. § 52-240a;

4. Attorneys' fees pursuant to Conn. Gen. Stat. § 42-110 et seq (CUTPA);

5. Punitive Damages pursuant to Conn. Gen. Stat. § 42-110 et seq (CUTPA);

6. Costs;

7. Post-Judgment Interest; and

8. Any other such further relief as law and equity may provide.

Respectfully submitted,
THE PLAINTIFF

BY: _____

PETER BILLINGS, ESQ.
PETER C. BOWMAN, ESQ.
BBB ATTORNEYS, LLC
3651 MAIN STREET, SUITE 200
STRATFORD, CT 06614
T: (203) 562-0900
F: (203) 562-0902
E: FILING@BBBATTORNEYS.COM
FIRM JURIS: 433193

ATTORNEYS &
COUNSELORS

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM



**RETURN DATE: DECEMBER 20, 2022**          **SUPERIOR COURT**

**ANTHONY SCRICCA, ADMINISTRATOR
OF THE ESTATE OF
ANGELISE RODRIGUEZ;
COLEEN RODRIGUEZ &
ANGEL MIGUEL RODRIGUEZ**                    **J.D. OF NEW HAVEN**

**V.**                                      **AT NEW HAVEN**

**THE BOPPY COMPANY, LLC;
ARTSANA U.S.A., INC. D/B/A CHICCO; &
TARGET CORPORATION D/B/A
TARGET STORE, INC.**                        **NOVEMBER 7, 2022**

## STATEMENT OF AMOUNT IN DEMAND

Amount, legal interests, and property in demand, exclusive of interest and costs, is

Fifteen Thousand and 00/100 Dollars ($15,000.00) or more.


Respectfully submitted,
THE PLAINTIFF

BY: _____
    PETER BILLINGS, ESQ.
    PETER C. BOWMAN, ESQ.
    BBB ATTORNEYS, LLC
    3651 MAIN STREET, SUITE 200
    STRATFORD, CT 06614
    T: (203) 562-0900
    F: (203) 562-0902
    E: FILING@BBBATTORNEYS.COM
    FIRM JURIS: 433193

**ATTORNEYS &
COUNSELORS**

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM

29



**RETURN DATE: DECEMBER 20, 2022**          **SUPERIOR COURT**

**ANTHONY SCRICCA, ADMINISTRATOR**
**OF THE ESTATE OF**
**ANGELISE RODRIGUEZ;**
**COLEEN RODRIGUEZ &**
**ANGEL MIGUEL RODRIGUEZ**                    **J.D. OF NEW HAVEN**

**V.**                                        **AT NEW HAVEN**

**THE BOPPY COMPANY, LLC;**
**ARTSANA U.S.A., INC. D/B/A CHICCO; &**
**TARGET CORPORATION D/B/A**
**TARGET STORE, INC.**                        **NOVEMBER 7, 2022**

## <u>NOTICE OF REPORT TO GOVERNMENT ENTITIES</u>

The Plaintiffs hereby give notice that this Complaint was sent to the following

entities as a notice and complaint of the conduct of the company:

Hon. William Tong, Esq., Attorney General, State of Connecticut, sent via e-mail

to Attorney.General@ct.gov.

Hon. Michelle H. Seagull, Commissioner, State of Connecticut, Department of

Consumer Protection, sent via e-mail to dcp.complaints@ct.gov.

Respectfully submitted,
THE PLAINTIFF

BY: _____

PETER BILLINGS, ESQ.
PETER C. BOWMAN, ESQ.
BBB ATTORNEYS, LLC
3651 MAIN STREET, SUITE 200
STRATFORD, CT 06614
T: (203) 562-0900
F: (203) 562-0902
E: FILING@BBBATTORNEYS.COM
FIRM JURIS: 433193

**ATTORNEYS &**
**COUNSELORS**

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM

30

Exhibit B

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

ANTHONY SCRICCA, ADMINISTRATOR    :
OF THE ESTATE OF    :
ANGELISE RODRIGUEZ;    :
COLEEN RODRIGUEZ &    :
ANGEL MIGUEL RODRIGUEZ    :

                Plaintiffs    :

                                :

vs.    :    Civil Action No.:

                                :

THE BOPPY COMPANY, LLC;    :
ARTSANA U.S.A., INC. D/B/A CHICCO; &    :
TARGET CORPORATION D/B/A    :
TARGET STORE, INC.    :

                                :

              Defendants    :    NOVEMBER 23, 2022

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendant, **Target Corporation d/b/a Target Stores, Inc.,** hereby gives notice of the removal of the above-captioned action from the Superior Court of Connecticut, J.D. of New Haven at New Haven, which is the judicial district in which said action is pending, to this Court. The grounds for removal are as follows:

1.    On or about November 7, 2022, the plaintiffs, Anthony Scricca, Administrator of the Estate of Angelise Rodriguez, Coleen Rodriguez, and Angel Miguel Rodriguez, commenced a civil action against The Boppy Company, LLC, Artsana U.S.A., Inc. d/b/a Chicco, and Target Corporation d/b/a Target Stores, Inc. in the Superior Court of Connecticut, J.D. of New Haven at New Haven, titled <u>Anthony Scricca, Administrator of the Estate of Angelise Rodriguez, Coleen Rodriguez & Angel Miguel Rodriguez v. The</u>

Boppy Company, LLC, Artsana U.S.A., Inc., d/b/a Chicco, and Target Corporation d/b/a Target Store, Inc. (the "New Haven Action"), Docket Number NNH-CV22-6128082-S.

2.      The plaintiffs' Complaint alleges that as a result of the defendants' violation of the Connecticut Product Liability Act, violation of the Connecticut Unfair Trade Practices Act, and recklessness, plaintiff Angelise Rodriguez was caused to suffer cardiac arrest, respiratory failure, severe lactic acidosis, hyperkalemia, hypoxic ischemic injury likely from suffocation, injury of head and neck with skull fracture, and death. The plaintiffs' Complaint further alleges that as a result of the defendants' violation of the Connecticut Product Liability Act, violation of the Connecticut Unfair Trade Practices Act, and recklessness, plaintiffs Coleen Rodriguez and Angel Miguel Rodriguez have lost the consortium, society, care and companionship of their daughter Angelise Rodriguez, and will continue to suffer such a loss in the future. The Complaint states that the plaintiffs incurred substantial sums of money for Angelise Rodriguez's medical care necessitated by the injuries incurred. It further alleges that the plaintiffs were required to spend substantial sums of money for Angelise Rodriguez's funeral expenses. Finally, it alleges that Angelise Rodriguez has experienced pain and suffering, loss of enjoyment of life's leisure activities, and loss of earning capacity. The demand for relief claims monetary damages in excess of $15,000.

3.      This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441 and 1332 because complete diversity exists between the plaintiffs and the defendants and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

4.      There is complete diversity of citizenship between the plaintiffs and the defendants. Plaintiff Angelise Rodriguez was an individual who resided in New Haven, Connecticut and who was a citizen of the State of Connecticut.

5.      Plaintiff Coleen Rodriguez is an individual who resides in New Haven, Connecticut and who is a citizen of the State of Connecticut.

6.      Plaintiff Angel Miguel Rodriguez is an individual who resides in New Haven, Connecticut and who is a citizen of the State of Connecticut.

7.      Upon information and belief, defendant The Boppy Company, LLC, is a single member Colorado limited liability company that maintains its principal place of business in Golden, Colorado. The sole member of The Boppy Company, LLC is Artsana, S.p.A. Artsana, S.p.A is an Italian corporation with its principal place of business in Grandate, Como, Italy.

8.      Defendant Artsana U.S.A. Inc., d/b/a Chicco is a New Jersey corporation that maintains its principal place of business in Lancaster, Pennsylvania.

9.      Defendant Target Corporation d/b/a Target Stores, Inc., is a Minnesota corporation that maintains its principal place of business in Minneapolis, Minnesota.

10.      Upon information and belief, the amount in controversy of the New Haven action exceeds the sum or value of $75,000, exclusive of interest and costs. The amount in controversy appears to exceed such sum or value based on the extensive list of injuries alleged in the Complaint. The plaintiff also claims non-economic damages in the form of pain and suffering and loss of enjoyment of life's leisure activities and loss of earning capacity. Finally, the plaintiff claims double damages for the defendants' alleged

recklessness and punitive damages for the defendants' alleged violation of the Connecticut Unfair Trade Practices Act.

11.     Pursuant to 28 U.S.C. § 1446(b)(1), this Notice of Removal is being timely filed within 30 days of the defendant Target Corporation d/b/a Target Stores, Inc.'s receipt of the initial state court pleading. Target Corporation d/b/a Target Stores, Inc. was served with process on November 8, 2022. Accordingly, the time for filing this Notice under the provisions of 28 U.S.C. § 1446 has not expired.

12.     Defendants The Boppy Company, LLC and Artsana U.S.A., Inc. d/b/a Chicco have no counsel on record, as no counsel has filed an appearance on behalf of these defendants. Additionally, counsel for The Boppy Company, LLC and Artsana U.S.A., Inc. d/b/a Chicco are not due to file an appearance until December 20, 2022, which is past the 30 days this Notice of Removal must be filed by to comply with the requirements of 28 U.S.C. § 1446(b)(1). As such, counsel for The Boppy Company, LLC and Artsana U.S.A., Inc. d/b/a Chicco are not able to join in or consent to this Notice of Removal pursuant to 28 USCS § 1441(b)(2)(A). Target Corporation d/b/a Target Stores, Inc. will make all efforts possible to join in or obtain the consent of The Boppy Company, LLC and Artsana U.S.A., Inc. d/b/a Chicco to this Notice of Removal when an appearance is filed by counsel for The Boppy Company, LLC and Artsana U.S.A., Inc. d/b/a Chicco.

13.     This Court would have had original subject matter jurisdiction of this action under the provisions of 28 U.S.C. § 1332 if the New Haven Action had originally been brought in Federal court.  Removal, therefore, is proper under 28 U.S.C. § 1441(a).

14.     Removal of this case on the basis of diversity citizenship is not precluded by 28 U.S.C § 1441(b)(2) because none of the parties in interest has joined and served

as a defendant a citizen of the State of Connecticut, which is the State in which the New Haven Action was brought.

15.    All state court papers served on the defendant at the time of removal, consisting of the summons and complaint, are attached hereto as **Exhibit A**.

16.    Written notice of the filing of this Notice has been given to all parties as required by law (**Exhibit B**).

17.    Pursuant to 28 USC §1446(d), the defendant has notified the Superior Court of the State of Connecticut of the filing of this petition.

For the reasons set forth above, the defendant hereby removes this action from the Superior Court of Connecticut, J.D. of New Haven at New Haven, to this Court.

DEFENDANT,
TARGET CORPORATION D/B/A
TARGET STORES, INC.

By: /s/ Renee W. Dwyer ct10580
Renee W. Dwyer, ct10580
641 Farmington Avenue
Hartford, CT 06105
Phone: (860) 523-8000
Fax: (860) 523-8002
E-Mail: rdwyer@conwaystoughton.com

## CERTIFICATION

I hereby certify that on November 23, 2022, a copy of the foregoing Notice of Removal was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Renee W. Dwyer ct10580
Renee W. Dwyer, ct10580